```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

                                :
SWEDISH CIVIL AVIATION ADMIN.
                                :

     v.                         :  Civil Action No. DKC 2001-1507

                                :
PROJECT MANAGEMENT ENTERPRISES
INC.                            :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution are (1) PMEI and ADSI's (hereinafter "PMEI/ADSI") motion to alter or amend the court's December 8, 2004 Order and Memorandum Opinion, and (2) SCAA's motion to seal.  For the following reasons, the motion to seal will be denied, but the motion to alter or amend will be granted to the extent that it seeks clarification that the Material Terms and Conditions does contemplate the drafting and execution of a definitive document.

**I.   Background**

On May 20, 2004, SCAA and PMEI/ADSI executed an agreement entitled Material Terms and Conditions of Settlement.  That same day, pursuant to Local Rule 111, the court dismissed this action without prejudice subject to the right of a party to move for good cause within 60 days to reopen this action if settlement was not consummated.  *See* Paper 69.  On July 14, 2004, PMEI/ADSI moved to enforce the settlement agreement, or, in the

alternative, to reopen the action, for which the court held a hearing on August 6, 2004.  Ruling from the bench, the court concluded that the parties had reached a binding settlement agreement reflected in the Material Terms and Conditions of Settlement.  Accordingly, the court granted the motion to enforce settlement and denied the motion to reopen the action. *See* Paper 80 (August 6, 2004 Order).  Thus, the action remained closed pursuant to the parties' settlement.

Nevertheless, on September 20, 2004, PMEI/ADSI filed a motion seeking to hold SCAA in contempt for failing to execute a final settlement agreement, to which SCAA responded with a motion for a preliminary injunction requiring PMEI/ADSI to disclose copies of certain patents and patent applications.  On December 8, 2004, the court issued an Order and Memorandum Opinion denying both motions.  PMEI/ADSI now request that the court alter or amend its December 8, 2004 Order and Memorandum Opinion.  Specifically, they request that the December 8, 2004 Order be amended either to (1) recognize that a further writing is required under the parties' Material Terms and Conditions of Settlement, or (2) explicitly declare that the parties have entered into a fully binding Settlement Agreement, and that no further writing is necessary in order to effectuate all of the other provisions of the Material Terms and Conditions of

Settlement, including the payment of the $200,000 by SCAA to PMEI. SCAA opposes the bulk of PMEI/ADSI's motion, but does not object to the extent that it seeks to clarify that the Material Terms and Conditions does contemplate the drafting and execution of a definitive document. *See* Paper 96 at 11-12 n.7. SCAA has also moved to seal "all motions and pleadings related to this Court's December 8, 2004 Order and Memorandum Opinion." Paper 95. For the following reasons, the motion to alter or amend will be granted to the extent that it seeks clarification that the Material Terms and Conditions does contemplate a further writing. The motion to seal will be denied.

**II. Analysis**

  *A.  Motion to Alter or Amend*

In its December 8, 2000 Memorandum Opinion denying the parties' respective motions, the court stated:

> The parties' agreement . . . did not contain a provision requiring a writing. Rather, the court has ruled that the terms of the agreement reflected in the memorandum written when the parties were before Magistrate Judge Connelly constitute a binding agreement between the parties and the provisions sought [by SCAA] in the later drafts went beyond the terms of the agreement. The parties are already bound by the terms of their agreement, regardless of whether further documents are signed.

3

Paper 89 (December 8, 2000 Memorandum Opinion). In large measure, PMEI/ADSI agree with this conclusion, but take issue with the statement that "[t]he parties agreement . . . did not contain a provision requiring a writing." To the contrary, it points out, and all parties agree, that the plain language of the Material Terms and Conditions of Settlement provides that the "parties have agreed to draft and execute a definitive documentation [sic] embodying the terms and conditions of settlement . . . ." *See* Paper 92 at 2 (PMEI/ADSI's memorandum); Paper 96 at 9-11 (SCAA's opposition memorandum). The court likewise agrees.

What the court intended to mean when it stated that the parties' agreement "did not contain a provision requiring a writing" is that no further writing was required to make the Material Terms and Conditions a binding agreement between the parties. In other words, whatever conditions the agreement may itself impose, nothing else was required in order to make it binding upon the parties. However, whether, pursuant to the Material Terms and Conditions, which the court has found constitutes a binding agreement, a further writing is contemplated as part of its substantive conditions and obligations is another matter altogether.

4

Accordingly, the motion to alter or amend will be granted to the extent it seeks clarification of the court's December 8, 2004 Memorandum Opinion.  Although nothing else was required for the Material Terms and Conditions to constitute a binding agreement upon the parties, the plain language of the agreement contemplates, along with other conditions, the drafting and executing of a further document.  The court may not, however, entertain what is evidently developing into a substantive dispute over the meaning of certain provisions contained in the settlement agreement and what affirmative obligations they place upon the parties.  As the court has previously stated, what the parties apparently now seek "is to engraft a breach of contract action onto a now closed case."  *See* Paper 89 at 3; *see also, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994); *Marino v. Pioneer Edsel Sales, Inc.*, 349 F.3d 746, 752 (4th Cir. 2003).

   *B.   Motion to Seal*

SCAA also moves to seal the court's December 8, 2004 Order and Memorandum Opinion and all papers (and exhibits attached thereto) relating to that Order because they disclose the core terms and conditions of the parties' May 20, 2004 Settlement Agreement.  It also seeks to seal the transcript of the August

5

6, 2004 hearing held in open court as it too discloses the core terms of the agreement.

Essentially, SCAA now moves to seal papers containing information that have been placed on the docket and available to the public for months. Indeed, PMEI/ADSI's motion to enforce the settlement agreement, to which the Material Terms and Conditions of Settlement is appended, has been, and continues to be, available to the public since it was filed on July 14, 2004. *See* Paper 70. Likewise, several exhibits attached to PMEI/ADSI's motion for contempt, available to the public since it was filed on September, 20, 2004, refer to and discuss core terms of the parties' settlement agreement. *See* Paper 82. It is unclear whether SCAA seeks to place every document that "refer[s] to the confidential terms and conditions" of the settlement agreement under seal, or just this latest round of filings. Regardless, not only has SCAA provided insufficient justification for placing all of this material under seal, but the motion comes woefully late. Accordingly, the motion to seal will be denied. *See Tri-County Paving, Inc. v. Ashe County*, 2000 WL 1811606, at *4 (W.D.N.C. October 5, 2000) (denying a "belated motion to seal" a memorandum because, *inter alia*, it was "initially appended to [a] public brief as an unsealed exhibit").

6

**III. Conclusion**

For the following reasons, the court will grant the motion to alter or amend and deny the motion to seal. A separate Order will be entered.

```
                         /s/
        DEBORAH K. CHASANOW
        United States District Judge
```

August 19, 2005